**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Andy Rawlins and Michelle Cornelius, | : |
| | : Civil Action No.: _____ |
| Plaintiffss, | : |
| v. | : |
| | : |
| Diversified Collection Services, Inc.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiffs, Andy Rawlins and Michelle Cornelius, by undersigned counsel, state as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Andy Rawlins ("Rawlins"), is an adult individual residing in Brighton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Plaintiff, Michelle Cornelius ("Cornelius"), is an adult individual residing in Tampa, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Diversified Collection Services, Inc. ("Diversified"), is a California business entity with an address of 333 North Canyons Parkway 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      Rawlins incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Diversified Engages in Harassment and Abusive Tactics**

13.     Within the last year, the Defendants contacted the Plaintiffs in an attempt to collect the Debt.

14.     Rawlins spoke with Diversified on several occasions about possible payment arrangements for the Debt. However, Rawlins could not afford any of the arrangements that Diversified proposed.

15.     Despite Rawlins explaining to Diversified that he cannot afford to pay the Debt, Diversified continued to place several calls a day to Rawlins in an attempt to collect the Debt. On one occasion, Diversified placed a call to Rawlins minutes after he had previously told Diversified that he could not afford to pay the Debt.

16.     Diversified threatened to garnish Rawlins' wages in an attempt to collect the Debt. To date, Diversified has not taken such action.

17.     Diversified placed numerous calls to Plaintiffs' mother, Cornelius, after Cornelius asked Diversified to cease doing so.

**C.  Plaintiffs Suffered Actual Damages**

18.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to Rawlins' debt on numerous occasions, without being asked to do so.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Rawlins with garnishment if the Debt was not paid.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

4

29.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.

30.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.      The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

32.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiffs are entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35.     Massachusetts further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

36.     The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with excessive phone calls.

37.     The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

38.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

40.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

44.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

6

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 23, 2012

> Respectfully submitted,
> By   /s/ Sergei Lemberg
> Sergei Lemberg (BBO# 650671)
> LEMBERG & ASSOCIATES L.L.C.
> 1100 Summer Street, 3rd Floor
> Stamford, CT 06905
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424
> Attorneys for Plaintiffs